**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DESI ARNAZ POLK, #1122620,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0495-M** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1]

Parties: Petitioner is currently confined at the Dalhart Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dalhart, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process, pending preliminary screening of this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted of indecency with a child in Criminal District Court No. 1 in Dallas County, Texas, in Cause No.

---

[1]     Petitioner initially filed this action on the state form for filing an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07."

F00-72407-H.  Punishment was assessed at forty years imprisonment.  (Am. Pet. for Writ of Habeas Corpus filed April 17, 2006, at 2.).   His conviction was affirmed on direct appeal.  Polk v. State, No. 05-02-01625-CR (Tex. App., Dallas, Oct. 30, 2003).  Petitioner neither filed a petition for discretionary review nor a state habeas application for post-conviction relief pursuant to art. 11.07, Texas Code of Criminal Procedure.

On March 20, 2006, Petitioner submitted to this Court a habeas petition on the form for filing a state habeas application pursuant to art. 11.07.  In four grounds, he alleges he received ineffective assistance of counsel, and he was not permitted to tell the jury about prior bad behavior of his daughter, the complainant.   (Pet. at 7-8).

On March 27, 2006, this Court advised Petitioner that the habeas corpus petition had been submitted on the form for filing a *state* habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure, instead of the *federal* habeas form.  The Court then ordered Petitioner to notify the Court whether he intended to file a habeas petition in state court, or whether it was properly submitted to the federal court.  (See Notice of Deficiency and Order).

On April 17, 2006, Petitioner filed a petition on the federal habeas corpus form, which this Court construed as an intent to proceed with this federal habeas action.  At page three of the federal habeas form, Petitioner wrote "N/A" in response to Question 11, which inquired if he had filed a state habeas petition or application.  Subsequently, this Court issued a questionnaire, to verify whether Petitioner had adequately exhausted his state court remedies.  In answer to the questionnaire, filed on May 26, 2006, Petitioner advises the Court that he has "only filed a writ of habeas corpus 11.07."  (Answer to Question 4).  He further states that "I haven't filed a form § 2254 form as of yet.  My understanding was, I had to file first the writ of habeas corpus 11.07 which would exhaust all my state remedies, before I could file the 2254 in federal courts."

(Answer to Question 5).[2]

  <u>Findings and Conclusions</u>:  This action is governed by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must

exhaust all available state court remedies before a federal court will consider the merits of his

claims.  28 U.S.C. § 2254(b) and (c) (West 2006); <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005).

The exhaustion requirement is designed to "protect the state court's role in the enforcement of

federal law and prevent the disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S.

509, 518 (1982); <u>see also</u> <u>Rhines</u>, 544 U.S. at 274.  Exhaustion of state court remedies "is

satisfied when the substance of the federal habeas claim has been fairly presented to the highest

state court." <u>Morris v. Dretke</u>, 379 F.3d 199, 204 (5th Cir. 2004) (quoting <u>Mercadel v. Cain</u>, 179

F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting

both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a

petition for discretionary review or in an application for a state writ of habeas corpus pursuant to

Tex. Code Crim. Proc. art. 11.07.  <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998);

<u>Bautista v. McCotter</u>, 793 F.2d 109, 110 (5th Cir. 1986); <u>Richardson v. Procunier</u>, 762 F.2d 429,

430-32 (5th Cir. 1985).

  A review of the pleadings in this case reflects that Petitioner has not satisfied the

exhaustion requirement.  It appears that he did not file a petition for discretionary review.

Moreover, it appears that Petitioner intended to file a state habeas application pursuant to art.

11.07, Texas Code of Criminal Procedure, and that it was inadvertently mailed to the federal

---

  [2] Petitioner's answer to the questionnaire are inconsistent with the habeas petition
filed on the federal form on April 17, 2006.   It appears that Petitioner intended to file a state
habeas application pursuant to art. 11.07, and that it was inadvertently mailed to the federal court
instead of the state court.  This Court has verified telephonically with the Dallas County District
Clerk that Petitioner has yet to file an art. 11.07 application in state court.

court instead of the state court.  The Texas Court of Criminal Appeals has, thus, not had an

opportunity to consider the claims which Petitioner raises in this action.  Therefore, the petition

for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state

court remedies.[3]

RECOMMENDATION:

     For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus

be dismissed without prejudice for failure to exhaust state court remedies.  See 28 U.S.C. §

2254(b).

     It is further recommended that the Clerk will MAIL to Petitioner a copy of the art. 11.07

application initially filed in this Court on March 20, 2006 (docket #1).

     A copy of this recommendation will be mailed to Petitioner.

     Signed this 9th day of June, 2006.

                             _____
                             PAUL D. STICKNEY
                             UNITED STATES MAGISTRATE JUDGE

NOTICE

     In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

---

     [3]     The Court cautions Petitioner that the 1996 amendment to the habeas corpus
statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in
federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this and any
subsequent petition that Petitioner may file in this court.